Lincoln J.,
in delivering the opinion of the Court, observed in substance, that it had been contended that the words in the bond, “ will not depart without the debtors’ liberties,” had reference to a definite extent of territory, and that they were substantially the same with the words, “ shall not depart out of the county of Suffolk,” but he said the Court had come to a different result. We think the condition means that the debtor shall not depart out of the exterior boimds of the liberties that shall at the time be established by law. And this is in accordance with St. 1784, c. 41, which has received a judicial construction. In Walter v. Bacon, 8 Mass. R. 468, the right of the Court of Sessions to enlarge the prison limits was expressly recognised. It might be said there was an impairing of the obligation of a contract in that case, as much as in this, for the creditor had as good right to consider the debtor’s being permitted to go beyond the smaller limits an infraction of the contract, as the surety has in the present case to consider it an infraction, that the debtor should be confined within the smaller limits. And in Baxter v. Taber, 4 Mass. R. 361, where it was held not competent for the Court of Sessions to include private property as part of the gaol yard, it was admitted that they might extend the limits on the land of the county.
But it is not necessary to consider what would be the effect of St. 1784, on this case, for the bond was not given in pursuance of that statute, but of St. 1811, c. 167. The first section provides for giving bonds conditioned that the debt- or “ will not depart without the exterior bounds of the debtors’ liberties and the second, “ that nothing done since the passing of the act to which this is an addition, shall be considered a breach in any bond which has been or may be given to obtain the liberty of the gaol yard or debtors’ liberties, except the passing over and beyond the exterior limits and bounds thereof as by law established ioi *171 the time being.” This contemplates the right of the Court of Sessions ' to change the debtors’ liberties, and such alteration therefore does not impair a contract already made, but the party must be bound by the obligation which the statute imposes.
But it is said, that it was not competent to the legislature to pass a law to affect bonds previously given. This question was considered in Walter v. Bacon It was there decided, that the legislature had a right by a subsequent statute to define an escape, and to establish the boundaries of prison yards as they had been previously limited by the Court of Sessions. The debtor there was alleged to have committed an escape by entering on private property, and by St. 1808, c. 92, it was enacted that no person should be considered as having committed an escape in consequence of having entered on private property ; and it was argued that the statute was unconstitutional. The Court say, that they see no provision of the constitution of this commonwealth, nor of that of the United States, which prohibits the enacting such a law, and that by its provisions the defendants were saved from the penalty of their bond. It is said, that the statute of 1822 is retrospective; but it was not to go into operation until May, and could therefore have no effect upon any breach of a bond committed previously to that time. The complaint that the surety may be prejudiced is without much foundation, for the statute of 1811 says he may surrender the principal to the keeper of the prison, and that the principal may then give a new bond.[1]
The Court are of opinion that there was an escape, and the plaintiff’s replication is adjudged good.

 See Sommers v. Johnson, 4 Vermont R. 278.